**TIAN LE ZHANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74350.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2004.*

Decided June 9, 2004.

Allan A. Samson, Esq., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Jennifer Paisner, U.S. Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before: NOONAN and PAEZ, Circuit Judges, and SELNA,** District Judge.

## MEMORANDUM ***

Tian Le Zhang ("Zhang"), a native and citizen of China, petitions for review of the December 5, 2002 Order of the Board of Immigration Appeals ("BIA") upholding the Immigration Judge's ("IJ") decision to deny Zhang's application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) (Supp. II 1996) (recodified at 8 U.S.C. § 1158(b)) and 1253(h) (Supp. II 1996) (repealed and replaced by 8 U.S.C. § 1231(b)(3)(A)). We deny the petition for review.

Zhang also moves for a stay of his voluntary departure period. We construe Zhang's timely-filed motion to stay removal to include a request to stay voluntary departure, *Desta v. Ashcroft*, 365 F.3d 741, 749 (9th Cir.2004), and grant the motion.

### I. *Petition for Review.*

Zhang contends that: (1) the IJ erred in finding that he had not established eligibility for asylum or withholding of deportation; (2) the IJ erred in requiring corroborating evidence to support his application; and (3) the BIA erred in "streamlining" his case pursuant to 8 C.F.R. § 3.1(e)(4)(i) (2002) (renumbered at 8 C.F.R. § 1003.1(e)(4)(i) (2003)). Because we conclude that the IJ's decision was supported by substantial evidence and decline to review the merits of the BIA's streamlining decision, we deny Zhang's petition for review.

### A. *Zhang's Asylum Claim*

■ The IJ's determination that Zhang failed to establish either past persecution or a well-founded fear of future persecution is supported by substantial evidence. According to Zhang's testimony, he was arrested and detained by the Chinese police for two weeks in 1989, following his participation in a political demonstration. During his detention, he was handcuffed for a period of twenty-four hours and forced to sleep on the floor. On one occasion, he was beaten by an officer for fifteen to twenty minutes, but sustained no major injuries as a result. Following his release from detention, he was expelled from school and struggled to find work, but continued to live in China for a period of three years without further incident. Given these facts, a reasonable fact finder could have concluded that the "cumulative effect of all the incidents" of past mistreatment alleged by Zhang was not so extreme to rise to the level persecution. *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir.1998) (noting that persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks omitted)).

Further, the IJ's determination that Zhang failed to establish a well-founded fear of future persecution was reasonable. To obtain a reversal of such a determination, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias*, 502 U.S. 478, 483—84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The sum of the evidence presented by Zhang falls short of this standard. As noted above, Zhang remained in China for three years after his release from prison, during which time he suffered no ill treatment at the

---

** The Honorable James V. Selna, District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

hands of the Chinese authorities. In addition, the IJ found that Zhang's political activities were limited in scope and that Zhang likely left China for financial, rather than political, reasons.

Zhang disputes the IJ's finding that he failed to proffer corroborating documentary evidence. However, even assuming that Zhang's claims were adequately corroborated, they fail to rise to the level of past persecution or a well-founded fear of persecution. Therefore, we conclude that the IJ's denial of Zhang's application for asylum was supported by substantial evidence.

## B. Zhang's Request for Withholding

■ The record also supports the IJ's denial of Zhang's request for withholding of deportation. Zhang's failure to establish a well-founded fear of persecution precludes a finding of a "clear probability" of persecution necessary to qualify for withholding of deportation. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995) ("failure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well").

## C. The BIA's "Streamlining" Decision

■ Regarding Zhang's remaining contention, that the BIA's decision to "streamline" his case was in error, we find that an independent assessment of the streamlining decision is "unnecessary and duplicative" in this case, because we have jurisdiction to review the merits of the IJ's underlying decision. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir.2003). We accordingly decline to review the merits of the BIA's streamlining decision.

## II. Motion for Stay of Voluntary Departure.

■ In addition to denying Zhang's application for asylum and withholding of deportation, the IJ granted Zhang voluntary departure. On December 5, 2002, the BIA affirmed the IJ's decision granting voluntary departure and allowed Zhang thirty days from the date of its Order to voluntarily depart. On December 19, 2002, Zhang filed a timely motion to stay removal, which triggered a temporary stay pursuant to General Order 6.4(c). The government subsequently filed a statement of non-opposition to Zhang's motion to stay removal, and we automatically extended the temporary stay of removal until the disposition of Zhang's appeal.

On December 18, 2003, Zhang filed a motion for stay of the voluntary departure period. We construe Zhang's motion to stay removal, which was timely filed before the thirty-day voluntary departure period had expired, to include a motion to stay voluntary departure. *Desta v. Ashcroft*, 365 F.3d 741, 749 (9th Cir.2004). We therefore grant Zhang's motion to stay voluntary departure *nunc pro tunc* to December 19, 2002, the date that Zhang filed his motion to stay removal and we issued an automatic stay of removal under General Order 6.4(c). On that date, fourteen days of Zhang's voluntary departure period had elapsed. Zhang shall accordingly have sixteen days "after the issuance of [this Court's] mandate to depart voluntarily." *Id.* at 750.

## III. Conclusion.

For the reasons stated above, the petition for review is DENIED and the motion for stay of voluntary departure is GRANTED *nunc pro tunc* to December 19, 2002.